UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKEY WHITE, | ) |
|           Petitioner, | ) |
| v. | )   No. CIV-24-1084-R |
| OKLAHOMA COURT OF CRIMINAL APPEALS, | ) |
|           Respondent. | ) |

## ORDER

Petitioner brings this action under 28 U.S.C. § 2254 seeking habeas corpus relief from his state conviction and sentence.

The Court is required to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Rules Governing § 2254 Cases in United States District Courts. Additionally, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue sua sponte at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quotation marks and citation omitted); *see also* Fed. R. Civ. P.12(h)(3). Although this case was initially referred to United States Magistrate Judge Chris M. Stephens pursuant to 28 U.S.C. § 636, the Court withdraws the reference and dismisses the Petition upon screening for lack of jurisdiction.

Petitioner has attempted to challenge his state court conviction through federal habeas relief a number of times. *See, e.g. White v. Yates,* No. CIV-18-1072-R, 2018 WL 6928921, at *1 (W.D. Okla. Nov. 28, 2018), *report and recommendation adopted*, 2019

WL 99269 (W.D. Okla. Jan. 3, 2019); *White v. Farris*, No. CIV-21-868-R, 2021 WL 4901707 (W.D. Okla. Sept. 3, 2021). As Petitioner knows, to file a successive § 2254 habeas petition, he needs authorization from the Tenth Circuit. 28 U.S.C. § 2244(b)(3)(A). This requirement is "jurisdictional in nature, and must be considered prior to the merits of a § 2254 petition." *Case v. Hatch*, 731 F.3d 1015, 1027 (10th Cir. 2013). Petitioner has not received permission to file a second or successive habeas petition and the Court therefore lacks jurisdiction over this action. Additionally, in light of Petitioner's multiple prior attempts at seeking habeas relief and his inability to meet the statutory requirements for authorization for a second or successive petition, the Court declines to transfer this case to the Tenth Circuit.

Accordingly, the Petition [Doc. No. 1] is dismissed as an unauthorized second or successive § 2254 habeas action. A certificate of appealability is denied.

IT IS SO ORDERED this 1st day of November, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE